UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Gregory G. Carson,
    Plaintiff

    v.                                    Civil No. 06-cv-417-PB

Town of Londonderry and
Londonderry Town Moderator,
    Defendants

## **O R D E R**

Plaintiff's complaint raises important issues regarding electioneering activities on public property. He says the Town of Londonderry has arbitrarily imposed restrictions on the use of public property for the display of political signs, requiring that such signs be held by a natural person, and that they not be affixed or attached to public property, or be "free standing." State law provides that "No political advertising shall be placed on or affixed to public property including highway rights of way or private property without the owner's consent." N.H. Rev. Stat. Ann. ch. 664:17. Implicitly, "consent" includes reasonable limitations. And, First Amendment considerations may require that any limitations meet constitutional standards.

Plaintiff suggests, however, that the Londonderry restrictions may not qualify as reasonable time, manner, and place restrictions under the First Amendment, and, he plausibly notes that citizens with disabilities will no doubt require reasonable accommodations under the American with Disabilities Act, since they might not be able to "hold" a sign without the aid of supports or stands affixed to the ground.  (But plaintiff does not claim to be disabled himself, so lacks standing to raise that issue.)

Plaintiff's request for a temporary restraining order, requiring Londonderry to permit him to affix free-standing electioneering signs on public property, is necessarily denied. First, although, acting pro se, plaintiff still must comply with Federal Rule of Civil Procedure 65.  He has not done so, in that he has not certified in writing the efforts, if any, which may have been made to give notice [to the defendants, or opponents of the TRO request] [or] reasons supporting [a] claim that notice should not be required.  And, he has not complied with Local Rule 65.1, in that he has not filed "a proposed order, consistent with the requirements of Fed. R. Civ. P. 65, for the court to consider."

While it would not be fair to resolve substantive issues without first providing the defendants with notice and an opportunity to be heard, plaintiff does not seem to present a compelling case with respect to the likelihood of his succeeding on the merits, a major factor in deciding whether to order injunctive relief.  The issues that plaintiff raises are likely far more complex than his bare complaint suggests, and it is not self-evident that the alleged restrictions fail to pass constitutional muster, even assuming the public property at issue qualifies as a traditional public forum with respect to electioneering activity.

Given that polling places in New Hampshire will be closing in approximately 90 minutes, likely rendering this case moot, the court will, in plaintiff's interest, dismiss the complaint and direct the Clerk to return his substantial filing fee, but, without prejudice to his refiling an amended complaint, if he chooses to do so, after considering the merits of his claim and issues of mootness, and after having an opportunity to engage in unhurried and substantive legal research.

Plaintiff is reminded, however, that RSA 664:18[1] provides an effective opportunity for relief in the nature of a complaint to and, if warranted, an investigation by the New Hampshire Attorney General with respect to claimed violations of New Hampshire's Election Laws.

### Conclusion

Motion for Temporary Restraining Order is denied. Case dismissed without prejudice to refiling an Amended Complaint. Clerk shall return plaintiffs' filing fee.

**SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

November 7, 2006

cc:   Gregory G. Carson, pro se

---

[1]   RSA 664:18 provides, in part:
Any . . . voter may make complaint in writing to the attorney general of any violation of any of the provisions of this chapter.
   I.  Upon receipt of such complaint, the attorney general or his designee shall review the complaint, and where sufficient evidence of a violation is presented, conduct investigations to determine whether a violation of this chapter has occurred.
   II. . . . the attorney general is empowered, if [she] determines that a provision of this chapter has been violated, to:
      (a) Issue an order requiring the violator to cease and desist from his or her violation.